# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

DAVID W. SCONCE,

    Plaintiff,

vs.

INTERSTATE COMMISSION FOR
ADULT OFFENDER SUPERVISION
and DAWN SPENCER, DIRECTOR,

    Defendants.

Cause No. CV-08-039-M-DWM-JCL

**FINDINGS AND RECOMMENDATION
UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT**

_____

    Plaintiff David W. Sconce ("Sconce") is a non-prisoner litigant proceeding pro se and in forma pauperis. Sconce alleges that in violation of ICAOS policy and rules and improper application of Montana State Law, Director Dawn Spencer ("Spencer") violated Sconce's civil rights by allowing him to be classified as a violent offender in Montana when his probation was transferred from California. Sconce contends the violent offender classification should not apply to his probationary status. (Document 2, p. 4, ¶ IV.A.1).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT –CV-08-039-M-DWM-JCL / PAGE 1

By prior Order, Sconce was required to either file an amended complaint or notify the Court that he did not intend to file an amended complaint. (Document 5). Plaintiff did not respond and therefore his Complaint should be dismissed for failure to state a claim and failure to comply with a Court order.

## A. FAILURE TO STATE A CLAIM

In its prior Order, the Court found that Sconce had not specified the nature of the violation of his civil rights (i.e., whether Sconce was challenging the registration statute itself or the manner in it which it was utilized) and failed to specify what Defendant Spencer did to allegedly violate his constitutional rights. Rule 8(a) (2) of the Federal Rules of Civil Procedure requires, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Plaintiff's allegations were insufficient to give the Defendants fair notice of the claims against them. Accordingly, Sconce was advised his Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. He was given until November 10, 2008 to file an

amended complaint. He did not do so. Accordingly, for the reasons set forth in the Court's prior Order (Document 5), Sconce's Complaint failed to state a claim upon which relief may be granted.

### B. FAILURE TO COMPLY WITH COURT ORDER

In addition to failing to state a claim, Plaintiff's Complaint should also be dismissed as a sanction for failing to comply with a Court order. Sconce was instructed to file an amended complaint or notify the Court of his intention not to file an amended complaint. Sconce did neither. Sconce was advised that if he failed to timely comply with the Court's Order, his case could be dismissed without further notice. (Document 5).

The trial court has discretion under Fed. R. Civ. P. 41(b) to dismiss an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). The Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Sconce's failure to respond to the Court's prior Order, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983). It has now been four months since the Court's prior Order and there have been no filings by Sconce. The Court must be able to manage its docket and it cannot do so, if Sconce refuses to communicate with the Court. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case and

thus there is no immediate prejudice.  However, given Sconce's failure to respond, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Again Sconce was warned that a failure to comply with every provision of the Court's Order could result in a dismissal of his case without notice to him.  (See Document 5, pp. 10-11).  Sconce will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Sconce the chance to challenge this Court's rulings.

The last factor weighs against denial of the Complaint because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Sconce has failed to state a claim upon which relief may be granted, failed to comply with a Court Order and the Court finding the relevant factors weigh in favor of dismissal, the Court will recommend Sconce's Complaint be dismissed.

### C. CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, . . . , may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R. App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis

in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Sconce's allegations are simply insufficient to provide a defendant fair notice of what the claims are and the grounds upon which they rest. This failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. Sconce's Complaint (Document 2) should be is **DISMISSED** for failure to state a claim upon which relief may be granted and failure to comply with a Court order.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

    4. At all times during the pendency of this action, Sconce SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to 28 U.S.C. § 636(b)(1), Sconce may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

    A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of February, 2009.

       /s/ Jeremiah C. Lynch  
       Jeremiah C. Lynch  
       United States Magistrate Judge